IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

| | |
|---|---|
| **CHRISTY STEVENS,** | ) |
| Petitioner, | ) |
| | ) **CIVIL ACTION NO. 1:18-01400** |
| v. | ) |
| **UNITED STATES OF AMERICA,** | ) |
| Respondent. | ) |

**PROPOSED FINDINGS AND RECOMMENDATION**

On November 2, 2018, Petitioner, acting *pro se*,[1] filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 and Memorandum in Support. (Document Nos. 1 – 3.) In her Petition, Petitioner challenges the calculation of her sentence. (Id.) Specifically, Petitioner requests the "Court to modify her sentence." (Id.) Petitioner explains that she seeks for the Court to run her new sentence concurrent with the probation violation." (Id.) Petitioner states that her first sentence was imposed on October 17, 2013, and she served time and was released on supervised probation. (Id.) Petitioner explains that she was later convicted of distributing heroin in violation of 21 U.S.C. § 841 and for violating the terms of her supervised release. (Id.) Petitioner acknowledges she was sentenced to 21 months of imprisonment for her drug conviction, which was directed to run consecutive to "any other sentence in any other case." (Id.) Petitioner further acknowledges that she was later sentenced to 12 months imprisonment for her supervised release violation. (Id.) Petitioner, therefore, argues that her above sentences should run concurrently. (Id.) Petitioner

---

[1] Because Petitioner is acting *pro se*, the documents which she has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

argues that the "District Court did not have authority to order that its sentence be consecutive to any future sentence." (Id.)

On the same day, the Clerk sent Plaintiff a "Notice to Petitioner of Failure to Remit Filing Fee." (Document No. 4.) A review of the docket sheet, however, reveals that Petitioner failed to pay the filing fee or file an Application to Proceed Without Prepayment of Fees and Costs.

## ANALYSIS

The undersigned finds that Petitioner's Section 2241 Petition must be dismissed as moot. Article III, Section 2 of the United States Constitution provides that federal Courts may adjudicate only live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990); Nakell v. Attorney General of North Carolina, 15 F.3d 319, 322 (4th Cir.), cert. denied, 513 U.S. 866, 115 S.Ct. 184, 130 L.Ed.2d 118 (1994). This means that the "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. In the context of a *habeas corpus* proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973). In this case, by virtue of Petitioner's release from custody, the Respondent can no longer provide the requested relief. Consequently, the Court can no longer consider Petitioner's Petition under Section 2241.

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole - - some "collateral consequence" of the conviction – must exist if the suit is to be maintained.

Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998). Accordingly, Petitioner's claims are rendered moot by virtue of her release from custody[3] and the absence of collateral consequences, and therefore, her Section 2241 Petition must be dismissed. See e.g., Alston v. Adams, 178 Fed.Appx. 295, 2006 WL 1194751 (C.A.4 (Va.)); Alvarez v. Conley, 145 Fed.Appx. 428, 2005 WL 2500659 (C.A.4 (W.Va.); Smithhart v. Gutierrez, 2007 WL 2897942 (N.D.W.Va.).

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Petition for Writ of *Habeas Corpus* by a Person in Federal Custody under 28 U.S.C. § 2241(Document No. 1), and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

---

[3] The Bureau of Prisons' Inmate Locator indicates that Petitioner was released from custody on September 27, 2019.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

ENTER: October 25, 2019.

_____
Omar J. Aboulhosn
United States Magistrate Judge